**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
RENE TORRES,                   )
                               )
            Petitioner,        )
                               )
v.                             )     Criminal Action
                               )     No. 12-10218-PBS
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )
_____)
```

**ORDER**

October 4, 2016

Saris, C.J.

In 2013, Rene Torres pleaded guilty to possession of cocaine base with intent to distribute within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 860. The presentence report stated that Torres qualified as a career offender under U.S.S.G. § 4B1.1 based on (1) a 2008 Massachusetts conviction for possession with intent to distribute a class D substance, (2) two 2009 Massachusetts convictions for assault and battery with a dangerous weapon, and (3) a 2011 Massachusetts conviction for possession with intent to distribute a class B substance. As a career offender, Torres had a guideline sentencing range of 188 to 235 months. This

Court departed downward and sentenced Torres to 72 months of imprisonment.

Torres seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis that, following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender under the Sentencing Guidelines.

For the purpose of this motion, this Court assumes without deciding that Johnson invalidates the residual clause of the Sentencing Guidelines' career offender provision and does so retroactively.[1] Even then, and even if Massachusetts assault and battery with a dangerous weapon no longer qualifies as a crime of violence under U.S.S.G. § 4B1.2(a) -- another question this Court need not decide -- the career offender guideline still applies to Torres because he has two predicate controlled substance offenses that are unaffected by Johnson.

Torres urges this Court to disregard the 2011 drug conviction because it involved Annie Dookhan, a Massachusetts state chemist that falsely certified drug-test results. See Wilkins v. United States, 754 F.3d 24, 27 (1st Cir. 2014) (describing Dookhan scandal). But that 2011 drug conviction

---

[1] The Supreme Court recently granted certiorari on this question. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (June 27, 2016) (No. 15-8544).

remains on Torres's state criminal record. At the time of the sentencing in this case, Torres had a pending motion for a new trial in Massachusetts state court based on the Dookhan misconduct. However, Torres did not object to the guideline calculation at the sentencing hearing because he agreed that even if he were successful in the new trial motion, two other predicates qualified him for the career offender guideline. On June 11, 2014, Torres agreed to a deal in Massachusetts state court in which his probation was terminated in exchange for the withdrawal of his motion for a new trial. The conviction was not vacated as part of that deal.

Where a prior state conviction has been vacated because of the Dookhan scandal, defendants have been allowed to obtain resentencing under § 2255. See Cuevas v. United States, 778 F.3d 267, 268 (1st Cir. 2015). But the same has not been true where the predicate conviction was not been vacated. See United States v. Allen, No. CR 06-10170-MLW, 2013 WL 6838162, at *11 (D. Mass. Dec. 24, 2013).

A defendant generally cannot use a § 2255 proceeding to collaterally attack a predicate state conviction in federal court. In Custis v. United States, the Supreme Court held that in a federal sentencing proceeding, a defendant has no right to attack prior state convictions used to enhance his sentence under the Armed Career Criminal Act unless the claim is that the

3

prior conviction was obtained in violation of the defendant's right to counsel. 511 U.S. 485, 490-97 (1994). The Supreme Court later held that the same limitation on collateral attacks on prior state convictions applied to § 2255 motions. <u>Daniels v. United States</u>, 532 U.S. 374, 384 (2001). The right to counsel is not implicated in this motion, so Torres cannot collaterally attack his state drug conviction.

Torres's motion (Docket No. 73) is **<u>DENIED</u>**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge